## IN THE COURT OF COMMON PLEAS
## FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| **CHANANTHRA MANI** | : | |
| **255 Paradise Boulevard, Unit 7** | : | |
| **Indialantic, Florida 32903** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **DELTA AIR LINES, INC.** | : | |
| **c/o Corporation Service Company** | : | |
| **3366 Riverside Drive** | : | |
| **Upper Arlington, Ohio 43221** | : | Case No. _____ |
| | : | Judge _____ |
| **and** | : | |
| | : | |
| **COLUMBUS REGIONAL AIRPORT** | : | |
| **AUTHORITY** | : | |
| **c/o Office of the General Counsel** | : | **COMPLAINT WITH JURY DEMAND** |
| **7250 Star Check Drive, Suite #100,** | : | **ENDORSED HEREIN** |
| **Columbus, Ohio 43217** | : | |
| | : | |
| **and** | : | |
| | : | |
| **HUNTLEIGH USA CORPORATION** | : | |
| **c/o National Registered Agents, Inc.,** | : | |
| **4400 Easton Commons Way, Suite 125** | : | |
| **Columbus, Ohio 43219** | : | |
| | : | |
| **and** | : | |
| | : | |
| **JOHN DOE(S) #1-3** | : | |
| **Agent(s) or employee(s) of above-named** | : | |
| **Defendants,** | : | |
| **Name(s) and Address(es) unknown,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 2305.01 of the Ohio Revised Code.

2.      Venue is proper in this Court pursuant to Rule 3(C) of the Ohio Rules of Civil Procedure.

## PARTIES

3.      Plaintiff Chananthra Mani (hereinafter "Plaintiff"), a living resident of Florida, is the injured party in this action.

4.      Defendant Delta Air Lines, Inc., (hereinafter "Delta) is a foreign corporation registered to do business in the state of Ohio with the Secretary of State's office. At all times relevant to this matter, Delta was engaged in the business of airline travel and related services.

5.      Defendant Columbus Regional Airport Authority (hereinafter "CRAA") is a government agency based in Franklin County, Ohio. On information and belief and at all times material to this matter, CRAA is responsible for day-to-day oversight of John Glenn Columbus International Airport (hereinafter referred to by its callsign "CMH" or as "the airport").

6.      Defendant Huntleigh USA Corporation (hereinafter "Huntleigh") is a foreign corporation registered to do business in the state of Ohio with the Secretary of State's office. At all times relevant to this matter Huntleigh was in the business of general and aviation security solutions and services, including wheelchair and electric cart services.

7.      On information and belief and at all times material to this matter, Huntleigh was contracted with, employed to, tasked by, or otherwise made responsible by CRAA, Delta, or both said defendants to carry out wheelchair services at the airport gates for Delta flights.

8.      Defendants John Does #1-3 are unknown individual(s) and/or business entity(ies) who were who were employed to, tasked by, contracted with, or otherwise made responsible by

Defendants Delta, CRAA and/or Huntleigh for the safe operation and maintenance of wheelchairs located at the airport at all times material to this matter.  The true name(s) and address(es) of John Does #1-3 could not be ascertained after reasonable diligence by Plaintiff or Plaintiff's counsel.

## OPERATIVE FACTS

9.      Plaintiff incorporates by reference paragraphs 1-8 of this Complaint.

10.     Plaintiff states that, at all times pertinent to this matter, he was lawfully on the premises of the airport which is located in Columbus, Ohio, in Franklin County. Plaintiff was on the premises as a business invitee.

11.     On July 7, 2021, Plaintiff was disembarking Delta Flight 997 at approximately 12:15 a.m..

12.     Plaintiff was to be assisted at the gate by wheelchair services, as Plaintiff has suffered multiple heart attacks and has difficulty walking long distances.

13.     As Plaintiff sat in the wheelchair, the attendant whipped or otherwise turned the wheelchair rapidly, causing one the wheels to dislodge itself and the wheelchair to tilt suddenly. ( See Plaintiff's Exhibit A, Delta.Com Feedback Submission Case Number 04202042, filed separately with this Complaint).

14.     As a result of the wheelchair tilting, Plaintiff suffered a whiplash like motion causing injuries to his neck, back, and right rib.

15.     On July 8th, 2021, Plaintiff submitted a complaint to Delta customer service about the incident.  (Plaintiff's Exhibit A).

16.     As part of Plaintiff's conversation, Delta's customer service representative acknowledged that Delta "[knew they] are having issues with the wheelchair service" and "that they are a third-party vendor hired thru(sic) the airport that all the airlines use." (Plaintiff's Ex. A).

17. On information and belief, "the airport" referred to by Delta customer service meant CMH and therefore CRAA, and the "third-party vendor" referred to Huntleigh.

## COUNT 1: ORDINARY NEGLIGENCE OF DEFENDANTS HUNTLEIGH AND JOHN DOES #1-3

18. Plaintiff incorporates by reference paragraphs 1-17 of this Complaint.

19. Defendant Huntleigh was the third-party vendor contracted by Defendants Delta and/or CRAA for providing wheelchair services on CRAA's premises and for Delta flights.

20. Defendants John Does #1-3 were individuals or business entities who were subcontracted with, employed by, or otherwise tasked by Defendant Huntleigh for ensuring all wheelchairs were in a safe and operable condition and that all wheelchair services were provided in a safe manner.

21. Defendants, jointly and severally, owed a duty to Plaintiff to maintain their wheelchairs in a safe condition and to ensure that operators of said wheelchairs used them in a safe and comfortable fashion for persons requiring wheelchair services on Delta flights and at the airport.

22. Defendants, jointly and severally, breached that duty and negligently caused Plaintiff serious injuries in the following ways:

a. Negligently operating the wheelchair services;

b. Negligently failing to maintain the wheelchairs in a safe and operable condition;

c. Negligently operating the wheelchairs in violation of federal and airport safety regulations

d. Negligently hiring, training, monitoring and/or supervising the wheelchair attendants;

    e.   Negligence by the doctrine of respondeat superior;

    f.   Negligence by the doctrine of vicarious liability.

## COUNT 1: VICARIOUS LIABILITY OF DEFENDANTS DELTA AND CRAA

23.    Plaintiff incorporates by reference paragraphs 1-22 of this Complaint.

24.    Delta, as owner and operator of the flight on which Plaintiff was arriving, owed a duty to Plaintiff to ensure that all operations of the flight, including wheelchair services at the airport gate, were conducted in a safe fashion.

25.    CRAA, as owner and operator of the airport at which Plaintiff arrived, owed Plaintiff a similar duty as outlined in Paragraph 24 of this complaint.

26.    Delta and CRAA contracted with, employed, or otherwise tasked Defendants Huntleigh and John Does #1-3 to provide wheelchair services as part of Delta and CRAA's business purposes, and on information and belief said wheelchair services are promoted by Delta and CRAA as part of their business services.

27.    On information and belief, Huntleigh and John Does #1-3 were acting in the scope of their employment or hiring contract with Delta and/or CRAA as part of their provision of wheelchair services.

28.    On information and belief, Delta and CRAA were aware of ongoing issues with Huntleigh and/or John Does #1-3 on safely providing wheelchair services and on maintaining the wheelchairs in a safe and operable condition.

29.    As such, Defendants Delta and CRAA, jointly and severally, are vicariously liable for the negligence of Huntleigh and/or John Does #1-3 and are jointly and severally liable for Plaintiff's injuries and damages.

## PROXIMATE CAUSE AND DAMAGES

30.     Plaintiff incorporates by reference paragraphs 1-29 of this Complaint.

31.     As a direct and proximate result of Defendants' negligent conduct and vicarious liability outlined supra, Plaintiff suffered injuries to his neck, back, and ribs. As a further direct and proximate result of Defendants' negligent conduct and vicarious liability outlined supra, Plaintiff has incurred reasonable and significant medical, hospital, therapy, and other related expenses. Due to the ongoing nature of his injuries, Plaintiff expects to incur further such medical expenses in the future.

32.     As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered pain, suffering, physical and emotional anguish, loss of enjoyment of life, and loss of consortium.

## DEMAND

**WHEREFORE,** Plaintiff Chananthra Mani demands judgment for compensatory damages against the Defendants Cedar Fair and John Does 1-3, jointly and severally, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), plus interest, costs and prejudgment interest.

Respectfully submitted,

*/s/  Seth Chodosh*
Seth David Chodosh     (0090699)
**CHODOSH AND CHODOSH**
2392 East Main Street
Columbus, Ohio 43209
Telephone:  (614) 338-0700
Fax:  (614) 235-1777
E-Mail:  schodosh@chodoshlawoffice.com

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by a jury of eight (8) persons as to all issues contained herein.

Respectfully submitted,

*/s/ Seth David Chodosh*
Seth David Chodosh      (0090699)
**CHODOSH AND CHODOSH**
2392 East Main Street
Columbus, Ohio 43209
Telephone: (614) 338-0700
Fax: (614) 235-1777
E-Mail: schodosh@chodoshlawoffice.com

*Attorney for Plaintiff*



EXHIBIT

_A_

11:02       .ıl 5G 92

<



⊡   🗑   ✉   •••

**Delta Air Lines**   Jul 8



View as a Web Page #2633321597 | SkyMiles® Member |...

**me**   Jul 8



to Marketing ⌄       ↩    •••

Thank you for you email. While the flight was ok, but at Columbus Airport, the one of the wheels came dislodged and with a heavy thud one side hit the ground. Luckily I didn't fall out, but my side hit pretty hard on the handrest of the wheel chair. I didn't much care about the accident, I have severe whiplash pain on my neck.

I am surprised Delta wouldn't maintain the wheel chairs, that carry senior citizens, people with disabilities etc. Such people, including me (am 76 years old, with three heart attacks, stroke and fighting a prostrate cancer) need to be pushed gently, rather than violently trying to weave thru the airport, sometimes about almost into oncoming passenger traffic. I cannot describe the alarming speed they run me thru, suddenly turning and reversing, trying to get into automatic train that takes you from one gate to another. In my case the guy was pushing me with the right hand and another lady with the left. He didn't care how violently he was shaking us. At Atlanta airport the wheel chair travel was ok, but could have been slower in speed!! It was at Columbus airport the wheel suddenly came out of the chair and I had wait in the slanted chair, until I got another Wheel Chair. I am sorry I had complain.

Will keep you posted, but in the meantime, please make sure all your wheel chairs are checked!!!!

↩ Reply       ↪ Forward





# Delta.com Feedback Submission

Inbox



**Delta Air Lines**
To me

Hello Chananthra,

RE: Case 04202042

Thank you for reaching out to us regarding your experience on DL997 once you arrived in Columbus Ohio. It was a pleasure speaking with you and as agreed upon I'm emailing you what we discussed.

You stated that once the wheelchair attendant arrived you seated yourself in the wheelchair and attendant made an abrupt jerky motion turning the chair around and that is when the wheel came off the chair. You state that it made you tilt forcefully to the right side making your neck hurt. You didn't think anything of it at the time but today you are feeling neck pain and your right side is hurting and bruised. You think that you may have whiplash but stated that that is something that is hard to diagnose, and you have been using Bengay and Tylenol to cope with the pain. I asked had you seen a doctor yet or if you planned to see one and you stated that you will not be seeing one in Ohio because you are there to bury your brother, but you will be seeing your doctor when you return home. You feel that the issue is that the wheelchair attendant was in a hurry rushing and not concerned or worried about your well-being at all.

I apologized that this was your experience and you stated that you have no faith that this complaint will go anywhere and/or make anything happen. I assured you that we know we are having issues with the wheelchair service, and that they are a third-party vendor hired thru the airport that all the airlines use. I assured you that we are taking all these complaints serious and that we are handling them accordingly. I let you know that our higher ups are currently speaking with the vendor

EXHIBIT

A

10:51                                    5G 88

✕     IMG_4391.PNG                        •••

I apologized that this was your experience and you
stated that you have no faith that this complaint will go
anywhere and/or make anything happen. I assured you
that we know we are having issues with the wheelchair
service, and that they are a third-party vendor hired
thru the airport that all the airlines use. I assured you
that we are taking all these complaints serious and that
we are handling them accordingly. I let you know that
our higher ups are currently speaking with the vendor
so changes can be made, and that I can not guarantee
that things will change overnight but we are hoping in
the future you will see a vast improvement. You stated
that you were happy to hear that and wanted to know if
I could send you an email going over everything we
talked about and I told you that I could.

You also had a complaint regarding the hold time and
asked if we are hoping that people get tired of holding
and just hang up the phone. I let you know that that is
not what we are hoping that we are trying to assist
every customer as efficiently and quickly as possible.
That our customers are calling in to use the eCredits
that they have amassed since the beginning of the
pandemic to book travel, inquire about future travel, and
just ask questions in general. I also let you know that
we had to disable our callback feature because our
customers were stating that they were getting calls
returned at all hours of the night and early morning.
You also asked if we had enough money to hire more
people because we need help answering our phones.

I let you know that we are currently in the process of
hiring more people to assist us with our call volume. I
tried to offer you a goodwill gesture of either a $100
Travel Voucher or a $100 Delta Choice gift card but you
declined the offer stating that you did not want hush
money to keep your mouth closed about your issue. I
informed you that the offer was not hush money it was
just as I stated a goodwill gesture for the poor
 experience that you encountered. You stated that we
could keep the money and give it to a poor person or to
a charity.

Chananthra, thank you for taking the time to share your
experience with me. Your business is important to us
and given the opp———————service in the